[No. 1604.   Decided May 6, 1895.]

N. J. BARTLETT, *Respondent,* v. W. C. REICHENECKER
*et al., Defendants,* JAMES M. GEPHART, *Receiver, Ap-*
*pellant.*

RECEIVERS — LIABILITIES — PAYMENT OF MONEYS UNDER DIRECTION OF
COURT.

A receiver who, without securing a modification of a decree which
is inconsistent with the findings and conclusions of the court, has
followed the court's conclusions and made payment of funds accord-
ingly, can be compelled to pay a claimant a sum of money in excess
of what is remaining in his hands, where this sum is due according
to the decree as actually rendered.

*Appeal from Superior Court, King County.*

*Frank A. Steele,* and *Carr & Preston,* for appellant.

*Fishback & Ferry,* and *James A. Haight,* for respond-
ent.

The opinion of the court was delivered by

ANDERS, J.—One N. J. Bartlett instituted an action
in the superior court of King county against W. C.
Reichenecker and others, to foreclose two chattel mort-
gages, one upon a certain lot of jewelry and silver-
ware owned by said defendant Reichenecker, and the
other upon the fixtures in the store in which the goods
were situated.   In that action James M. Gephart was
appointed receiver, and, after duly qualifying, took
possession of the said property, and, under direction of
the court, proceeded to sell the same.

It appears that plaintiff's mortgage did not include all
of the goods in said defendant's store.   The goods not
covered by the mortgage were claimed by alleged con-
signors and were designated, during the pendency of
the action, as "consigned goods."   The fund created by

the sales of mortgaged property was claimed by the plaintiff, and that arising from the remainder of the goods was claimed by consignors and judgment creditors. These two funds were kept separate and distinct from each other by the receiver. At the time of the trial of the cause all of the mortgaged goods had been disposed of and $5,226.58 received therefor by the receiver. A portion of the consigned goods were also sold, the proceeds of which amounted to $1,247.19. Actions had been instituted against the receiver by parties claiming to be consignors of goods held by him, among others by Whiting Manufacturing Company, which action was finally determined in this court.

At the time of the trial of the foreclosure suit the receiver had in his possession unsold goods of the consigned class of the invoice value of $1,907.23, and which were still in his possession when this proceeding was instituted. The receiver was directed not to sell these goods until the case of Whiting Manufacturing Company should be determined. The court filed its findings of fact and conclusions of law on March 3, 1892, but the final decree was not filed until June 17, 1892. At the time of the trial, February 19, 1892, the receiver, at the request of the court, filed a report of all his doings up to that date, from which it appeared that he had realized from sales the sum of $6,473.77, and had expended $2,253.97, leaving a cash balance of $4,219.80. At or about the same time the court made an allowance to the receiver and his counsel of $450, which, added to the expenses, made a total of $2,703.97, which amount the court found to be the expenses of the receivership up to that time, leaving in the hands of the receiver a cash balance of $3,769.80.

Between the date of the filing of the findings of fact and conclusions of law, and of the filing of the decree,

the receiver paid two judgments against Reichenecker, amounting to $867.28, and thereafter also paid some expenses incident to his trust. As indicated by the final decree of the court the two judgments above mentioned were directed to be paid out of the consigned goods' fund, after adding to it the net proceeds of the sale of goods remaining therein after the determination of the suit of Whiting Manufacturing Company, and after deducting its proper share of the costs and expenses of the receivership. The decree follows one of the conclusions of law reached by the court, but there is a further, and, apparently, inconsistent conclusion, "that pending said further sales the funds now on hand to be paid as follows: Selwyn & Co. to be paid in full. The Gilbert Clock Company to be paid in full. The plaintiff to be paid on account the sum of $2,500, out of which the receiver may pay plaintiff's attorney's fees." These latter directions to the receiver were, it seems, overlooked by the court in making up its decree, and are the cause of the principal difficulty in this proceeding. Moreover, the court finds as a fact that, until the termination of the Whiting Manufacturing Company's action and the conversion into cash of the goods on hand, a distribution of the cost of the receivership is impossible. But in the decree the two funds in the hands of the receiver seem to be treated as determined amounts, between which the expenses of the receivership were to be ratably apportioned. The language of the decree is: "It is further ordered and decreed that the fund first above referred to, to wit, the fund of $5,226.58, after the said fund shall have borne its proportionate share of the costs of the receivership, be paid in full to the plaintiff." And the $1,247.19 is designated therein as the "second fund."

The receiver paid in all to the plaintiff the sum of

$2,759, but she claimed that the further sum of $283.32 was due her from the mortgage fund of $5,226.58. The receiver disputed this claim; whereupon the plaintiff filed a petition in the superior court, praying for an order requiring the receiver to forthwith pay to her said sum, or whatever sum was due her. In response to the petition, the receiver filed a report, showing that after payment of the judgments heretofore mentioned, the costs of litigation and the expenses of keeping goods, he had in his hands only the sum of $155.52. The court nevertheless ordered him to pay to the plaintiff forthwith the sum of $283.32; from which order this appeal is prosecuted.

The receiver claims that he made the disbursements set forth in his report under the order of the court, except the expenses of litigation and of storage of goods; that no item of his report was questioned or disputed, and that, inasmuch as he only had $155.52 in his hands at the time of the hearing of the petition, it was neither just nor reasonable to order him to pay over a larger sum.

But the question here is whether the rights of the parties are to be determined by the decree, or by the preceding findings and conclusions of the court, which appear to us not to be altogether consistent therewith. It seems that the court based its action in this proceeding upon the decree rendered in the cause, which, as we have seen, ordered the first fund of $5,226.58, less its proportionate share of the costs of the receivership, to be paid in full to the plaintiff; and directed the second fund of $1,247.19, after adding to it the net proceeds of the sale of goods on hand, less its proportionate share of the expenses, to be applied, first, upon the judgment in favor of Selwyn & Co., and second, upon the judgment of the Gilbert Clock Co., which

two judgments were paid by the receiver before he had disposed of the goods of the second class remaining on hand,. and before the decree .was filed.  According to the decree, the order appealed from was right, but according to that part of the previous conclusions of law which the receiver, perhaps too hastily, followed, it was wrong.  But we think the court was justified in looking to the decree as the final determination of the rights of the respective parties.  In all.probability the court in rendering its decree would. have taken into consideration all payments previously made by the receiver in accordance with the directions of the court, if the receiver had called its attention thereto at or before the final determination of the case.  The court based its judgment upon the facts as they appeared at the time of the trial, and for aught that appears in the record it knew nothing of the subsequent transactions of the receiver.  Nor did the receiver at any time request a modification of the decree, although nearly two years elapsed before the filing of this .petition.

From the standpoint of the receiver it appears that the order under consideration is arbitrary and unjust, but when we consider that the decree, and not what preceded it, determined his, and the plaintiff's, rights, it seems clear to us that the order should not be reversed.  We see no reason why the mortgage fund should bear any portion of the expenses accruing after the trial, as, at that time, it was all in the hands of the receiver and nothing further was required with respect thereto but to properly pay it out.  The subsequent expenses ought to be charged to the second fund in the hands of the receiver.

It may not be improper here to suggest that, under the circumstances, the receiver ought to be allowed to

pay the necessary expenses of this proceeding out of the proceeds of the estate in his hands.

The order is affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.